IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **OLLIE GABRIEL LANIER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-234-WKW-CWB |
| | ) |
| **WARDEN JEFFERY BALDWIN,** | ) |
| **et al.,** | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Ollie Lanier filed this 42 U.S.C. § 1983 action on March 18, 2021 while incarcerated at the Kilby Correctional Facility in Montgomery, Alabama.[1] Defendants subsequently filed an Answer, Written Report with supplements, and supporting evidentiary materials denying the material allegations. (Docs. 38, 44, 48). On September 1, 2022, the court instructed Plaintiff to file a response no later than September 22, 2022. (Doc. 49). Plaintiff was specifically cautioned that his failure to do so would result in a recommendation the case be dismissed for failure to prosecute. (*Id*.). Nonetheless, Plaintiff has not made the required filing.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). Such authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory

---

[1] Plaintiff has since been released from custody. (*See* Doc. 34).

1

litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (where a litigant has been forewarned, dismissal for failure to obey a court order generally is not an abuse of discretion). Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, by **October 27, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 13th day of October 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**